UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN CONLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-01979-SEB-TAB |
| LARRY STORMS, | ) ) ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff John Conley filed this lawsuit when he was confined at New Castle Correctional Facility ("NCCF") alleging that defendant Lt. Larry Storms failed to assist him during a seizure, leaving him in urine-soaked clothing. Lt. Storms filed a motion for summary judgment. For the reasons below, that motion is **GRANTED**.

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v.*

*Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

## II.
## Factual Background

Lt. Storms works as a Lieutenant in the Restrictive Housing Unit at NCCF. Dkt. 43-2 ¶ 2 (Storms Aff.). He is not trained or authorized to provide medical services to inmates. *Id.* ¶ 9.

On May 29, 2020, while he was incarcerated at NCCF, Mr. Conley suffered a seizure. Dkt. 1.[1] A "Signal 3000," which indicates that emergency medical attention is needed, was issued.

---

[1] Mr. Conley's response to the motion for summary judgment references other dates upon which he experienced seizures. Dkt. 53 at 2. But his Complaint refers only to one seizure, which occurred on or about May 29, 2020. Dkt. 1. Further, his discovery responses refer only to the May 29 seizure. Dkt. 43-1 at 3. Because the Complaint is required to put the defendant on notice of the plaintiff's claims and because Mr. Conley may not amend his complaint by way of his response to the motion for summary judgment, evidence regarding other dates of seizures has not been considered. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996).

Dkt. 1 at 3; dkt. 43-1 at 3 (Conley Interrogatories); dkt. 43-2 ¶ 11.[2] After the "Signal 3000" issued, Wexford medical staff arrived and tended to Mr. Conley's medical condition. Dkt. 43-2 ¶ 20.

Lt. Storms did not know that Mr. Conley was laying in urine-soaked clothing. Dkt. 43-2 ¶ 23. Lt. Storms asserts that if he had known Mr. Conley had urine-soaked clothing he would have directed him to the appropriate person who had access to a change of clothing for him, because, as a Lieutenant, he does not maintain spare laundry. *Id.* ¶ 26. Mr. Conley's medical records show that he was negative for "Dribbling, dysuria…slow stream, urinary frequency, urinary incontinence and urinary retention", and that he voiced no concerns at that time. Dkt. 43-3 at 1. And the medical notes from the incident do not mention the presence of urine on his clothing. *Id.* at 1-3. Mr. Conley does not directly dispute this evidence, but points to an affidavit stating generally that officers were told that only night shift ran showers and clothing would be exchanged at that time. Dkt. 53-3 at 1.

### III.
### Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*,

---

[2] Lt. Storms does not specifically remember calling the Signal 3000, but it is undisputed that one was called on this date and that medical staff responded. Dkt. 43-2 ¶ 13.

3

5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

For the purposes of this motion, the Court assumes that Mr. Conley's seizure presented a serious medical need. To survive summary judgment then, Mr. Conley must show that Lt. Storms acted with deliberate indifference—that is, that he consciously disregarded a serious risk to his health. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Here, it is undisputed that a Signal 3000 was called for the seizure and that Mr. Conley was treated by medical personnel. Dkt. 1 at 3; dkt. 43-1 at 3. It is also undisputed that Lt. Storms is not authorized or qualified to provide medical care. Dkt. 43-2 ¶ 9. Accordingly, there is no evidence that would allow a reasonable jury to conclude that Lt. Storms was deliberately indifferent to Mr. Conley's health or safety. *See King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2013) (correctional officers are entitled to defer to the judgment of medical professionals so long as they do not ignore the prisoner).

Next, Mr. Conley contends that Lt. Storms left him in urine-soaked clothing. Lt. Storms states that he was unaware that Mr. Conley's clothing was soiled and points to medical records that indicated that Mr. Conley did not experience urinary incontinence that day. Dkt. 43-2 p 23; dkt. 43-3 at 1-3. While Mr. Conley submits generally that showers and clean clothing may have been delayed, *see* dkt. 53-3 at 1, he designates no evidence that he was left in urine-soaked clothing after the seizure. He further has not designated evidence regarding how long he was left in soiled clothes. He therefore has failed to present evidence that would allow a reasonable jury to conclude that his Eighth Amendment rights were violated. *See Cunningham v. Eyman*, 17 F. App'x 449 (7th Cir. 2001) (holding that 16 hours in shackles, four or five of which were spend in soiled clothing, is uncomfortable, but not unconstitutional under the Eighth Amendment.). In addition, he has not shown that Lt. Storms was directly responsible for any such action. He therefore has failed to point

to evidence that would allow a reasonable jury to conclude that Lt. Storms subjected him to unconstitutional conditions of confinement. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation.").

Because Mr. Conley has failed to submit evidence that Lt. Storms was deliberately indifferent to his serious medical needs or to his need for clean clothing, Lt. Storms is entitled to summary judgment.

## IV.
## Conclusion

Lt. Storms's motion for summary judgment, dkt. [41], is **GRANTED**. Judgment consistent with this Order and the Order of September 14, 2021, dkt. 10, shall now issue.

**IT IS SO ORDERED.**

Date:   1/25/2023

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN CONLEY
8748 Bono Road
Terre Haute, IN 47802

All Electronically Registered Counsel

5